UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPARKLES WAGES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  1:15 - cv - 8935 |
| UNITED STATES OF AMERICA, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and SINAI HEALTH SYSTEM, | ) Judge ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

NOW COMES the Plaintiff, SPARKLES WAGES, by and through her attorneys, the LAW OFFICES OF STEPHANIE K. NATHANSON, and complains against the Defendants, THE UNITED STATES OF AMERICA, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and SINAI HEALTH SYSTEM, pleading hypothetically and in the alternative, and alleges as follows:

**INTRODUCTION**

1. This is an action for medical negligence and professional negligence against defendants in connection with medical care provided to plaintiff, Sparkles Wages.

2. This action is brought against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for the negligent medical care provided to plaintiff by Access Community Health Network and Carlos Sandoval-Herrera, M.D.

1

3. Access Community Health Network is a private entity that receives federal funding from the defendant, the United States of America.

4. Plaintiff Wages has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

5. This suit has been timely filed, in the Plaintiff Wages timely filed suit against defendants in state court and subsequently served notice of her claim on the United States Department of Justice less than two years after the incident forming the basis of the suit.

6. Plaintiff now files this complaint pursuant to 28 U.S.C. §2401(b) after six months has elapsed from the date of notice to the United States Department of Justice.

## JURISDICTION AND VENUE

7. Plaintiff is, and at all times relevant was, a resident of Cook County, Illinois.

8. Defendant United States of America provides funding to Access Community Health Clinic, located in Cook County, Illinois.

9. Defendant Carlos Sandoval Herrera at all times relevant was an employee or agent of defendant Access Community Health Network and provided medical care and treatment to the plaintiff at Access Community Health Network located in Cook County, Illinois.

10. Defendant Access Community Health Network held out Carlos Sandoval-Herrera as its agent and/or employee.

11. Defendants Mount Sinai Medical Center of Chicago and Sinai Health System was a full service hospital and provided medical services located in Cook County, Illinois.

12. At all times relevant herein, defendants Mount Sinai Medical Center of Chicago and Sinai Health System held themselves out to the plaintiff and public as a full service hospital providing high quality medical care necessary to treat patients like the plaintiff.

13. Defendants Mount Sinai Medical Center of Chicago and Sinai Health System employed various agents, apparent agents, and employees as physicians, nurses, and medical care providers.

14. Defendants are responsible for the negligent acts of their employees, agents, and apparent agents under respondeat superior.

15. This is a civil action is governed by 42 U.S.C. Section 233, as well as issues under federal statute. This Court has subject matter jurisdiction over these federal claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C Section 1346(b) and 2672.

16. This Court has personal jurisdiction over all of the parties hereto because they are all residents of Illinois and conduct their activities in Illinois.

17. Venue is proper under 28 U.S.C. § 1391 in the Northern District of Illinois because the events or omissions giving rise to the subject claims arose in this district.

## FACTUAL BACKGROUND

18. On or about September 10, 2012, and continuing through December 3, 2012, Access Community Health Network was incorporated in the State of Illinois, and engaged in the business of offering medical care and treatment to persons in the condition of the Plaintiff, SPARKLES WAGES.

19. Plaintiff Wages presented to Access Community Health Network on or about September 10, 2012, and thereafter, for medical treatment.

20. Plaintiff Wages was treated by Mount Sinai Hospital Medical Center of Chicago and Sinai Health System from June 21, 2012, and prior thereto, through December 3, 2012, and thereafter.

21. On or about September 4, 2012, plaintiff SPARKLES WAGES underwent a MRI with and without contrast of her pelvis at Mount Sinai Hospital due to a clinical history of fibroids.

22. A 5.5 cm by 5.4 cm by 9.4 cm myometrial mass was visualized arising from the posterior wall of SPARKLES WAGES' uterus on the aforesaid MRI which was consistent with an intra myometrial uterine fibroid.

23. On or about September 10, 2012, plaintiff SPARKLES WAGES underwent a hand-assisted laparoscopic myomectomy, laparoscopic lysis adhesions, and chromotubation procedure at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and performed by CARLOS SANDOVAL-HERRERA.

24. The aforesaid procedure was performed utilizing a Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm.

25. Also present in the procedure were Shumal Malepati, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student, all employees or agents of defendants Mount Sinai Hospital Medical Center of Chicago and Sinai Health System.

26. Following the aforesaid procedure on September 10, 2012, Jason Allawan and Elizabeth Reynoso, RN performed post-surgical instrument counts, including counts of instruments, sponges, needles, blades, and bovie tips.

27. On or about September 11, 2012, CAROLS SANDOVAL-HERRERA, MD assessed SPARKLES WAGES at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and discharged her home with instructions to follow up with him in approximately one week.

28. On or about September 17, 2012, plaintiff SPARKLES WAGES was seen at ACCESS COMMUNITY HEALTH NETWORK with complaints of pain and vaginal bleeding, and was discharged home with instructions to return if her symptoms persisted or worsened.

29. On or about September 19, 2012, plaintiff SPARKLES WAGES was seen by CARLOS SANDOVAL-HERRRERA, M.D. at ACCESS COMMUNITY HEALTH NETWORK for follow-up evaluation and treatment with continued complaints of pain and was counseled in healthy lifestyle and nutritional advice, and was discharged with instructions to follow up in four weeks.

30. On or about October 22, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge, where she was given a screening for sexually transmitted diseases, diagnosed with bacterial vaginosis, given a prescription for Flagyl, and discharged with instructions to return in approximately one month.

31. On or about November 21, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge and was discharged home with instructions to undergo an ultrasound.

32. On or about December 3, 2012, plaintiff SPARKLES WAGES was seen at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO where she underwent a pelvic transabdominal and transvaginal ultrasound, and was diagnosed with an enlarged uterus.

33. On or about December 15, 2012, plaintiff SPARKLES WAGES presented to the Mercy Hospital emergency department with severe pain in her abdomen, legs, foul smelling vaginal discharge, vaginal bleeding, and constipation.

34. On or about December 15, 2012, at Mercy Hospital emergency department, a vaginal cervical cap foreign body used during the plaintiff's September 10, 2012, surgical procedure was visualized on a pelvic exam.

35. On or about December 17, 2012, the plaintiff returned to Mercy Hospital emergency department where the retained foreign body, Cooper Surgical cervical cap used in the September 10, 2012, surgery was removed successfully.

36. On or about December 17, 2012, plaintiff WAGES was diagnosed at Mercy Hospital with cervicitis/vaginitis and was discharged with antibiotics.

37. On or about December 28, 2012, plaintiff WAGES was seen at a Mercy Hospital Clinic with complaints of pain, itching, and vaginal discharge, where she was diagnosed with a vaginal infection and was discharged with antibiotics.

38. On or about March 17, 2013, plaintiff WAGES was seen at Northwestern Memorial Hospital emergency department with complaints of severe and increasing abdominal pain, cramping, vaginal spotting, and burning sensation inside her vagina.

## CLAIMS AGAINST DEFENDANT

## COUNT I: NEGLIGENCE - UNITED STATES OF AMERICA

39. Plaintiff WAGES realleges and reincorporates each and every allegation above as if fully set forth herein.

40. The Defendant, through Carlos Sandoval-Herrera, M.D. and Access Community Health Network, their agents, apparent agents, employees and servants, had a duty to act like reasonably well qualified health care personnel of the same or similar training would act in the same or similar circumstances, and to exercise the standard of care and skill required of health care providers.

41. After assuming care of plaintiff WAGES, Defendant, through Carlos Sandoval-Herrera, M.D., individually and as agent of Access Community Health Network, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

- (a) Failed to properly inspect that all surgical equipment was removed from WAGES' body and perform an equipment count and check;

- (b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of WAGES body;

- (c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside WAGES' body;

- (d) Failed to properly perform surgery;

- (e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from WAGES to ensure it was intact;

- (f) Failed to properly and timely diagnose WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

- (g) Failed to perform appropriate diagnostic tests to determine the cause of WAGES' symptoms and complaints;

- (h) Failed to timely treat WAGES' post-surgical complications and symptoms;

- (i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside WAGES' body;

- (j) Negligently performed an unnecessary surgery;

- (k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

- (l) Failed to properly treat WAGES.

42. That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff WAGES suffered severe and permanent injuries; that as a consequence thereof WAGES has suffered and in will in the future suffer great pain and mental anguish and

loss of a normal life; that in addition thereto, WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

43. On or about December 15, 2012, plaintiff WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

44. December 15, 2012, was the first time plaintiff WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

45. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois.

46. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SPARKLES WAGES, respectfully requests that this Court enter judgment in her favor and against, Defendant, the UNITED STATES OF AMERICA, in the amount of $15,000,000.00, awarding compensatory damages, costs, and attorney's fees, against Defendant, as well as any other relief this Court deems appropriate.

### COUNT II: NEGLIGENCE - MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO

47. Plaintiff WAGES realleges and reincorporates each and every allegation above as if fully set forth herein.

48. The Defendant, Mount Sinai Medical Center of Chicago, by and through its agents, apparent agents, employees and servants, had a duty to act like reasonably well qualified health

care personnel of the same or similar training would act in the same or similar circumstances, and to exercise the standard of care and skill required of health care providers.

49. After assuming care of plaintiff WAGES, Defendant Mount Sinai Hospital Medical Center of Chicago, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

(a) Failed to properly inspect that all surgical equipment was removed from WAGES' body and perform an equipment count and check;

(b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of WAGES body;

(c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside WAGES' body;

(d) Failed to properly perform surgery;

(e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from WAGES to ensure it was intact;

(f) Failed to properly and timely diagnose WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

(g) Failed to perform appropriate diagnostic tests to determine the cause of WAGES' symptoms and complaints;

(h) Failed to timely treat WAGES' post-surgical complications and symptoms;

(i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside WAGES' body;

(j) Negligently performed an unnecessary surgery;

(k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(l) Failed to properly treat WAGES.

50. That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff WAGES suffered severe and permanent injuries; that as a consequence

9

thereof WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in addition thereto, WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

51. On or about December 15, 2012, plaintiff WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

52. December 15, 2012, was the first time plaintiff WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

53. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SPARKLES WAGES, respectfully requests that this Court enter judgment in her favor and against, Defendant, Mount Sinai Hospital Medical Center of Chicago, in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimal jurisdictional amount of this Court, awarding compensatory damages, costs, and attorney's fees against Defendants, as well as any other relief this Court deems appropriate.

### COUNT III: NEGLIGENCE - SINAI HEALTH SYSTEM

54. Plaintiff WAGES realleges and reincorporates each and every allegation above as if fully set forth herein.

55. The Defendant, Sinai Health System, by and through its agents, apparent agents, employees and servants, had a duty to act like reasonably well qualified health care personnel of

the same or similar training would act in the same or similar circumstances, and to exercise the standard of care and skill required of health care providers.

56. After assuming care of plaintiff WAGES, Defendant Sinai Health System, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

(a) Failed to properly inspect that all surgical equipment was removed from WAGES' body and perform an equipment count and check;

(b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of WAGES body;

(c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside WAGES' body;

(d) Failed to properly perform surgery;

(e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from WAGES to ensure it was intact;

(f) Failed to properly and timely diagnose WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

(g) Failed to perform appropriate diagnostic tests to determine the cause of WAGES' symptoms and complaints;

(h) Failed to timely treat WAGES' post-surgical complications and symptoms;

(i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside WAGES' body;

(j) Negligently performed an unnecessary surgery;

(k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(l) Failed to properly treat WAGES.

57. That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff WAGES suffered severe and permanent injuries; that as a consequence

thereof WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in addition thereto, WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

58. On or about December 15, 2012, plaintiff WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

59. December 15, 2012, was the first time plaintiff WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

60. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SPARKLES WAGES, respectfully requests that this Court enter judgment in her favor and against, Defendant Sinai Health System, in an amount in excess of seventy-five thousand dollars ($75,000.00), the minimal jurisdictional amount of this Court, awarding compensatory damages, costs, and attorney's fees against Defendants, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, SPARKLES WAGES, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 (b) on all issues so triable.

Respectfully submitted,

/s/Stephanie K. Nathanson
STEPHANIE K. NATHANSON

Stephanie K. Nathanson
LAW OFFICES OF STEPHANIE K. NATHANSON
70 W. Madison St., Suite 3960
Chicago, IL 60602
312-263-9090
312-277-9099 (facsimile)
ARDC No. 6279321