UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPARKLES WAGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.     15 C 8935 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Pallmeyer |
| MOUNT SINAI HOSPITAL MEDICAL | ) | |
| CENTER OF CHICAGO, and SINAI | ) | |
| HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO EXTEND DEADLINE
TO DISCLOSE RULE 26(a)(2) EXPERT WITNESSES**

NOW COMES the Plaintiff, SPARKLES WAGES, by and through her attorneys, LAW OFFICES OF STEPHANIE K. NATHANSON, and moves this court to extend the time to disclose Rule 26(a)(2) expert witnesses, and in support thereof, state as follows:

1. This case generally involves medical negligence as a result of a retained surgical instrument following a laparoscopic procedure.

2. Plaintiff's disclosure date for Rule 26(a)(2) expert witnesses is currently October 31, 2017.

3. The parties are still completing fact discovery related to the United States' Rule 30(b)(6) notices to the Sinai defendants. A representative from Sinai to speak to the policies and procedures of the sterile processing department was deposed on October 20, 2017, and the deposition of the Sterile Processing Department manager is currently set for October 30, 2017. A responsive witness to a 30(b)(6) notice was identified on October 24, 2017. That deposition has not yet been set.

4. The testimony thus far from the Sinai 30(b)(6) witnesses bear directly on plaintiff's claims against defendant Sinai. For example, the testimony of Mr. Jackson, deposed on October 20, 2017, revealed in part that the Sterile Processing Department (SPD) would have been aware that the component of the instrument in question was missing when the instrument was processed. Mr. Jackson further testified in part that the SPD technician would have alerted his or her supervisor, and that supervisor would have alerted the manager to act upon, according to their policy. The deposition of the manager in question is set October 30, 2017.

5. The testimony of the manager in question is reasonably likely to have an impact on who at Sinai may have known of the missing instrument and when, and what the procedure for further reporting/investigating such a missing instrument would have been.

6. This testimony is likely to bear directly on the opinions of plaintiff's experts in this case. Is is prejudicial to the plaintiff for these depositions to proceed at and after the time of plaintiff's expert disclosures. While the Court has allowed plaintiff to supplement said expert opinions based on the testimony still proceeding, at this time based on the testimony thus far that the testimony may change the expert(s) opinions.

7. In this case, proceeding with additional relevant fact discovery that plaintiff's experts do not have access to in rendering their opinions will force the plaintiff to incur additional time and expense for her experts to read the additional materials in conjunction with their already disclosed opinions and either render supplemental opinions or be forced to modify opinions based on the new evidence.

8. The United States in this case has been forced to file motions to compel seeking responsive documents and witnesses on these issues. While plaintiff understands that Sinai may have had certain difficulties in obtaining this information, the delay serves only to prejudice the

plaintiff, whose disclosures are first, and the only likely to be impacted by ongoing discovery at and after the time of her disclosures.

9. For the foregoing reasons, plaintiff requests an extension of time, of up to 30 days following the completion of the last fact witness deposition, to disclose expert witnesses. This extension will allow for the time required to obtain the relevant transcripts and allow plaintiff's experts reasonable time to review and incorporate the testimony into their opinions in this case.

10. It is plaintiff's counsel's understanding that there is no objection to this motion so long as the deadlines are extended accordingly for defendant's Rule 26(2)(2) filing deadline.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion to extend the deadline to disclose Rule 26(a)(2) expert witnesses for 30 days following the last fact witness deposition taken in this case, or any further or alternative relief this court deems just.

Respectfully submitted,

___/s Michael T. Peterson_____
Attorneys for Plaintiff

Stephanie K. Nathanson
Michael T. Peterson
LAW OFFICES OF STEPHANIE K. NATHANSON
70 W. Madison St., Suite 3960
Chicago, IL 60606
312-263-9090; 312-277-9099 (facsimile)
Attorney Number: 56412