**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPARKLES WAGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 8935 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Rebecca Pallmeyer |
| MOUNT SINAI HOSPITAL MEDICAL | ) | |
| CENTER OF CHICAGO, and SINAI | ) | |
| HEALTH SYSTEM, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Crossclaim | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOUNT SINAI HOSPITAL MEDICAL | ) | |
| CENTER OF CHICAGO, and SINAI | ) | |
| HEALTH SYSTEM, | ) | |
| | ) | |
| Crossclaim | ) | |
| Defendants | ) | |

<u>**DEFENDANTS MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO AND**</u>
<u>**SINAI HEALTH SYSTEM'S STATEMENT OF UNCONTESTED FACTS**</u>

Defendants MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and

SINAI HEALTH SYSTEM, by their attorneys, HALL PRANGLE & SCHOONVELD, LLC, in

compliance with Local Rule 56.1, submit the following Statement of Uncontested Facts in

support of their Motion for Partial Summary Judgment as to Dr. Carlos Sandoval's alleged actual

and apparent agency:[1]

1.      Effective June 1, 2011, Dr. Carlos Sandoval was a full-time staff physician employed by and under contract with Access Community Health Network.  *See* Exhibit A, Access Community Health Network Physician Full-Time Ob-Gyne Employment Agreement, USA Wages_000195-207.

2.      Dr. Carlos Sandoval was employed by Access Community Health Network up through and until June 27, 2014.  *See* Exhibit B, USA Wages_000208-209.

3.      The United States of America admitted Dr. Carlos Sandoval was an employee of Access Community Health Network for the period of September 10, 2012, through December 3, 2012.  *See* Exhibit C, United States' Amended Answer and Crossclaims against Mount Sinai Hospital Medical Center of Chicago and Sinai Health System, ¶¶ 9 & 10.

4.      Dr. Carlos Sandoval was an employee of, paid by, and billed through Access Community Health Network at the time he treated Plaintiff Sparkles Wages in 2012.  *See* Exhibit D, pg. 446:4-13 of Deposition of Dr. Carlos Sandoval.

5.      In 2012, Dr. Carlos Sandoval had two offices – Access Cabrini Family Health Center and Access Plaza Family Health Center – with one of those offices located at Archer and Damon and the other located at Cermak and Western.  *See* Exhibit D, pgs. 19:20-20:02, 20:15-21:01.

6.      When Dr. Carlos Sandoval saw patients at the Access Cabrini Family Health Center, he wore a white lab coat that had "Access" and his name on it, as well as an Access ID badge.  *See* Exhibit D, pgs. 446:14-447:6.

7.      Since 2003, Dr. Kalpana Singh has been employed by Access Community Health

---

[1] Exhibits F, G, H & I have been redacted to exclude dates of birth and/or social security numbers pursuant to FRCP 5.2 as Protected Health Information (PHI) pursuant to HIPAA.  An unredacted copy can be filed under seal if the Court orders otherwise.

Network.  *See* Exhibit E, pg. 9:20-22 of the Deposition of Dr. Kalpana Singh.

8.      When Dr. Kalpana Singh would see patients at the Access Booker Family Health Center, she would wear a white lab coat with her name and badge on the coat that stated "Access Community Health Network, Medical Services, Physician."  *See* Exhibit E, pgs. 12:21-13:10, 13:22-14:12.

9.      On August 28, 2012, Plaintiff Sparkles Wages saw Dr. Kalpana Singh at the Access Booker Family Health Center.  *See* Exhibit F; Exhibit G, pg. 48:6-9 of the Deposition of Sparkles Wages.

10.      The Access Booker Family Health Center is located at 654 East 47th Street, Chicago, Illinois.  *See* Exhibit G, pg. 48:10-13.

11.      Plaintiff Sparkles Wages went to Dr. Kalpana Singh because she was informed by her insurer that Access Community Health Network was her "primary care". *See* Exhibit G, pg. 49:4-10.

12.      On August 28, 2012, Dr. Kalpana Singh referred Plaintiff Sparkles Wages to Dr. Carlos Sandoval for a hysteroscopy and laparoscopic myomectomy.  *See* Exhibit F, pg. 44; Exhibit E, pgs. 40:22-41:06, 41:16-19; Exhibit D, pg. 262:20-23; Exhibit G, pgs. 51:7-12, 101:4-6.

13.      Dr. Kalpana Singh and Dr. Carlos Sandoval are colleagues within the Access Community Health Network.  *See*  Exhibit E, pg. 41:10-12; Exhibit D, pg. 263:2-4.

14.      When Plaintiff Sparkles Wages went to see Dr. Carlos Sandoval, she understood he was an obstetrician/gynecologist.  *See* Exhibit G, pg. 52:17-24.

15.      On August 30, 2012, Plaintiff Sparkles Wages saw Access physician Dr. Carlos Sandoval at the Access Cabrini Family Health Center.  *See* Exhibit H; Exhibit D, pgs. 262:3-11,

441:7-10; Exhibit G, pg. 53:1-4.

16.     The Access Cabrini Family Health Center is located at 3450 South Archer Avenue, Chicago, Illinois.  *See* Exhibit G, pg. 53:5-8.

17.     The first time that Plaintiff Sparkles Wages ever met Dr. Carlos Sandoval was at the Access Cabrini Family Health Center on August 30, 2012.  *See* Exhibit G, pgs. 53:9-16, 62:1-5; Exhibit D, pg. 262:3-15.

18.     On September 5, 2012, Plaintiff Sparkles Wages again saw Access physician Dr. Carlos Sandoval at the Access Cabrini Family Health Center.  *See* Exhibit I; Exhibit D, pg. 441:7-10; Exhibit G, pg. 60:5-8, 60:14-19.

19.     At the end of both the August 30, 2012 appointment and the September 5, 2012 appointment with Dr. Carlos Sandoval, Plaintiff understood the plan was for Dr. Sandoval to perform a gynecological surgery.  *See* Exhibit G, pgs. 53:21-54:1, 59:24-60:4, 60:24-61:6.

20.     Between August 28, 2012, and September 10, 2012, Plaintiff Sparkles Wages did not do any type of research about Dr. Carlos Sandoval.  *See* Exhibit G, pg. 52:12-16.

21.     On September 10, 2012, Plaintiff Sparkles Wages went to Mount Sinai Hospital Medical Center of Chicago to undergo the procedure that she and Dr. Carlos Sandoval discussed at the two appointments at the Access Cabrini Family Health Center.  *See* Exhibit G, pgs. 65:22-66:2.

22.     On September 10, 2012, Plaintiff Sparkles Wages underwent a hand-assisted laparoscopic myomectomy, laparoscopic lysis adhesions, and chromotubation procedure at Mount Sinai Hospital Medical Center of Chicago and performed by Dr. Carlos Sandoval.  *See* Exhibit C, ¶ 23.

23.     Plaintiff Sparkles Wages did not know where Dr. Carlos Sandoval was employed.

*See* Exhibit G, pgs. 101:21-102:4.

24.     Dr. Carlos Sandoval never told Plaintiff Sparkles Wages that he was an employee of Mount Sinai Hospital Medical Center of Chicago.  *See* Exhibit D, pg. 447:11-16.

25.     It would not have made any difference to Plaintiff Sparkles Wages whether her September 10, 2012 surgical procedure was performed at Mount Sinai Hospital Medical Center of Chicago versus at any other hospital.  *See* Exhibit G, pg. 59:19-23.

26.     Plaintiff Sparkles Wages saw Dr. Carlos Sandoval at the Access Cabrini Family Health Center on September 19, 2012; October 22, 2012; and November 21, 2012 for follow-up visits.  *See* Exhibit G, pg. 75:17-23.

27.     Plaintiff Sparkles Wages is able to speak and read English.  *See* Exhibit G, pg. 15:8-12.

28.     It was Plaintiff Sparkles Wages' practice to read a document first before she signed the document to ensure she understood the document.  *See* Exhibit G, pgs. 15:21-16:1.

29.     It was Plaintiff Sparkles Wages' practice that if she read a document she had been asked to sign and did not understand it, she asked questions to make sure she understood the document before she signed it.  *See* Exhibit G, pg. 16:2-8.

30.     In June 2012, Plaintiff Sparkles Wages underwent testing at Mount Sinai Hospital Medical Center of Chicago.  *See* Exhibit G, pg. 47:8-11.

31.     On the day of that testing in June 2012, she was feeling normal and there was nothing that affected her ability to talk to the staff at Mount Sinai Hospital Medical Center of Chicago.  *See* Exhibit G, pgs. 47:12-48:1.

32.     On June 21, 2012, Plaintiff Sparkles Wages signed and dated a "Consent" form from Mount Sinai Hospital Medical Center of Chicago on Bates 40-41 of Sparkles Wages'

5

Deposition Exhibit Group #1. *See* Exhibit G, pg. 103:6-24; Exhibit J, Bates 40-41 of Sparkles Wages' Deposition Exhibit Group #1.

33.     The June 21, 2012, "Consent" signed by Sparkles Wages states the following in Paragraph No. 2:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL. I understand that the physicians who provide serviced to me during my stay are not employed or paid by the hospital, and the hospital does not in any way control or direct their care of patients. Rather, these physicians (including, but not limited to, my personal physician, physicians associated with Mount Sinai Community Foundation d/b/a Sinai Medical Group, emergency department physicians, radiologists, pathologists, anesthesiologists, on-call physicians, consulting physicians, surgeons, obstetricians, other specialists and any allied health care providers working with these physicians) are independent medical practitioners who have been permitted to use the hospital's facilities for the care and treatment of their patients. I understand that each of these independent medical practitioners will bill me separately for their services. My decision to seek care from the hospital is not based upon any understanding, representation or advertisement that the physicians who will be treating me are employees, agents or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is employed by the hospital, it is my responsibility to ask that an administrator be called to advise me whether or not that physician is employed by the hospital. I understand that I have the right to select my own physicians and the right to change physicians at any time during my hospitalization (including, but not limited to, my personal physician, physicians associated with Mount Sinai Community Foundation d/b/a Sinai Medical Group, emergency department physicians, radiologists, pathologists, anesthesiologists, on-call physicians, consulting physicians, surgeons, obstetricians, other specialists and any allied health care providers working with these physicians). If the nature of the relationship between any physician and the hospital would affect my decision as to whether or not I will accept medical treatment, then I will ask that an administrator be called to inform me of the nature of the relationship between that physician and the hospital."

*See* Exhibit J, Bates 40-41.

34.     On June 21, 2012, Plaintiff Sparkles Wages signed and dated the "Sinai Consent for Operative/Invasive and Other Medical Procedures" from Mount Sinai Hospital Medical Center of Chicago on Bates 42-43 of Sparkles Wages' Deposition Exhibit Group #1. *See* Exhibit

G, pgs. 104:10-105:7; Exhibit J, Bates 42-43.

35.     The June 21, 2012, "Sinai Consent for Operative/Invasive and Other Medical

Procedures" signed by Sparkles Wages states the following in Paragraph No. 3:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL. I understand that
> the physicians who provide serviced to me during my stay are not employed or
> paid by the hospital, and the hospital does not in any way control or direct their
> care of patients. Rather, these physicians (including, but not limited to, my
> personal physician, physicians associated with Mount Sinai Community
> Foundation d/b/a Sinai Medical Group, emergency department physicians,
> radiologists, pathologists, anesthesiologists, on-call physicians, consulting
> physicians, surgeons, obstetricians, other specialists and any allied health care
> providers working with these physicians) are independent medical practitioners
> who have been permitted to use the hospital's facilities for the care and treatment
> of their patients. I understand that each of these independent medical
> practitioners will bill me separately for their services. My decision to seek care
> from the hospital is not based upon any understanding, representation or
> advertisement that the physicians who will be treating me are employees, agents
> or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is
> employed by the hospital, it is my responsibility to ask that an administrator be
> called to advise me whether or not that physician is employed by the hospital. I
> understand that I have the right to select my own physicians and the right to
> change physicians at any time during my hospitalization (including, but not
> limited to, my personal physician, physicians associated with Mount Sinai
> Community Foundation d/b/a Sinai Medical Group, emergency department
> physicians, radiologists, pathologists, anesthesiologists, on-call physicians,
> consulting physicians, surgeons, obstetricians, other specialists and any allied
> health care providers working with these physicians). If the nature of the
> relationship between any physician and the hospital would affect my decision as
> to whether or not I will accept medical treatment, then I will ask that an
> administrator be called to inform me of the nature of the relationship between that
> physician and the hospital."

*See* Exhibit J, Bates 42-43.

36.     Between September 5 and 10, 2012, Plaintiff Sparkles Wages was not

experiencing any type of complaints or problems that would have prevented her from reading a

document. *See* Exhibit G, pgs. 63:14-64:2.

37.     Between September 5 and 10, 2012, Plaintiff Sparkles Wages was not

experiencing any type of complaints or problems that would have prevented her from asking questions if she was trying to figure out something that she read in a document. *See* Exhibit G, pg. 64:3-10.

38.     On September 8, 2012, Plaintiff Sparkles Wages signed and dated the "Consent" from Mount Sinai Hospital Medical Center of Chicago on Bates 61-62 of Sparkles Wages' Deposition Exhibit Group #1. *See* Exhibit G, pg. 105:8-20; Exhibit J, Bates 61-62.

39.     The September 8, 2012, "Consent" signed by Sparkles Wages states the following in Paragraph No. 2:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL. I understand that the physicians who provide serviced to me during my stay are not employed or paid by the hospital, and the hospital does not in any way control or direct their care of patients. Rather, these physicians (including, but not limited to, my personal physician, physicians associated with Mount Sinai Community Foundation d/b/a Sinai Medical Group, emergency department physicians, radiologists, pathologists, anesthesiologists, on-call physicians, consulting physicians, surgeons, obstetricians, other specialists and any allied health care providers working with these physicians) are independent medical practitioners who have been permitted to use the hospital's facilities for the care and treatment of their patients. I understand that each of these independent medical practitioners will bill me separately for their services. My decision to seek care from the hospital is not based upon any understanding, representation or advertisement that the physicians who will be treating me are employees, agents or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is employed by the hospital, it is my responsibility to ask that an administrator be called to advise me whether or not that physician is employed by the hospital. I understand that I have the right to select my own physicians and the right to change physicians at any time during my hospitalization (including, but not limited to, my personal physician, physicians associated with Mount Sinai Community Foundation d/b/a Sinai Medical Group, emergency department physicians, radiologists, pathologists, anesthesiologists, on-call physicians, consulting physicians, surgeons, obstetricians, other specialists and any allied health care providers working with these physicians). If the nature of the relationship between any physician and the hospital would affect my decision as to whether or not I will accept medical treatment, then I will ask that an administrator be called to inform me of the nature of the relationship between that physician and the hospital."

*See* <u>Exhibit J</u>, Bates 61-62.

40.     On September 10, 2012, Plaintiff Sparkles Wages signed the "Consent" from

Mount Sinai Hospital Medical Center of Chicago on Bates 63-64 of Sparkles Wages' Deposition

Exhibit Group #1.  *See* <u>Exhibit G</u>, pgs. 105:21-106:13, 106:17-22; <u>Exhibit J</u>, Bates 63-64.

41.     The September 10, 2012, "Consent" signed by Sparkles Wages states the

following in Paragraph No. 2:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL.  I understand that
> the physicians who provide serviced to me during my stay are not employed or
> paid by the hospital, and the hospital does not in any way control or direct their
> care of patients.  Rather, these physicians (including, but not limited to, my
> personal physician, physicians associated with Mount Sinai Community
> Foundation d/b/a Sinai Medical Group, emergency department physicians,
> radiologists, pathologists, anesthesiologists, on-call physicians, consulting
> physicians, surgeons, obstetricians, other specialists and any allied health care
> providers working with these physicians) are independent medical practitioners
> who have been permitted to use the hospital's facilities for the care and treatment
> of their patients.    I understand that each of these independent medical
> practitioners will bill me separately for their services.  My decision to seek care
> from the hospital is not based upon any understanding, representation or
> advertisement that the physicians who will be treating me are employees, agents
> or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is
> employed by the hospital, it is my responsibility to ask that an administrator be
> called to advise me whether or not that physician is employed by the hospital.  I
> understand that I have the right to select my own physicians and the right to
> change physicians at any time during my hospitalization (including, but not
> limited to, my personal physician, physicians associated with Mount Sinai
> Community Foundation d/b/a Sinai Medical Group, emergency department
> physicians, radiologists, pathologists, anesthesiologists, on-call physicians,
> consulting physicians, surgeons, obstetricians, other specialists and any allied
> health care providers working with these physicians).  If the nature of the
> relationship between any physician and the hospital would affect my decision as
> to whether or not I will accept medical treatment, then I will ask that an
> administrator be called to inform me of the nature of the relationship between that
> physician and the hospital."

*See* <u>Exhibit J</u>, Bates 63-64.

42.     On September 10, 2012, Plaintiff Sparkles Wages signed the "Sinai Consent for

Operative/Invasive and Other Medical Procedures" from Mount Sinai Hospital Medical Center

of Chicago on Bates 66-67 of Sparkles Wages' Deposition Exhibit Group #1. *See* <u>Exhibit G</u>,

pgs. 106:23-107:15; <u>Exhibit J</u>, Bates 66-67.

43.    The September 10, 2012, "Sinai Consent for Operative/Invasive and Other

Medical Procedures" signed by Sparkles Wages states the following in Paragraph No. 3:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL. I understand that
> the physicians who provide serviced to me during my stay are not employed or
> paid by the hospital, and the hospital does not in any way control or direct their
> care of patients. Rather, these physicians (including, but not limited to, my
> personal physician, physicians associated with Mount Sinai Community
> Foundation d/b/a Sinai Medical Group, emergency department physicians,
> radiologists, pathologists, anesthesiologists, on-call physicians, consulting
> physicians, surgeons, obstetricians, other specialists and any allied health care
> providers working with these physicians) are independent medical practitioners
> who have been permitted to use the hospital's facilities for the care and treatment
> of their patients. I understand that each of these independent medical
> practitioners will bill me separately for their services. My decision to seek care
> from the hospital is not based upon any understanding, representation or
> advertisement that the physicians who will be treating me are employees, agents
> or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is
> employed by the hospital, it is my responsibility to ask that an administrator be
> called to advise me whether or not that physician is employed by the hospital. I
> understand that I have the right to select my own physicians and the right to
> change physicians at any time during my hospitalization (including, but not
> limited to, my personal physician, physicians associated with Mount Sinai
> Community Foundation d/b/a Sinai Medical Group, emergency department
> physicians, radiologists, pathologists, anesthesiologists, on-call physicians,
> consulting physicians, surgeons, obstetricians, other specialists and any allied
> health care providers working with these physicians). If the nature of the
> relationship between any physician and the hospital would affect my decision as
> to whether or not I will accept medical treatment, then I will ask that an
> administrator be called to inform me of the nature of the relationship between that
> physician and the hospital."
> *See* <u>Exhibit J</u>, Bates 66-67.

44.    On December 3, 2012, Plaintiff Sparkles Wages signed and dated the "Consent"

from Mount Sinai Hospital Medical Center of Chicago on Bates 221-222 of Sparkles Wages'

Deposition Exhibit Group #1.  *See* <u>Exhibit G</u>, pg. 108:6-20; <u>Exhibit J</u>, Bates 221-222.

45.     The December 3, 2012, "Consent" signed by Sparkles Wages states the following

in Paragraph No. 2:

> "PHYSICIANS ARE NOT EMPLOYED BY THE HOSPITAL.  I understand that
> the physicians who provide serviced to me during my stay are not employed or
> paid by the hospital, and the hospital does not in any way control or direct their
> care of patients.  Rather, these physicians (including, but not limited to, my
> personal physician, physicians associated with Mount Sinai Community
> Foundation d/b/a Sinai Medical Group, emergency department physicians,
> radiologists, pathologists, anesthesiologists, on-call physicians, consulting
> physicians, surgeons, obstetricians, other specialists and any allied health care
> providers working with these physicians) are independent medical practitioners
> who have been permitted to use the hospital's facilities for the care and treatment
> of their patients.  I understand that each of these independent medical
> practitioners will bill me separately for their services.  My decision to seek care
> from the hospital is not based upon any understanding, representation or
> advertisement that the physicians who will be treating me are employees, agents
> or apparent agents of the hospital.
>
> I understand that if I wish to know whether or not a specific physician is
> employed by the hospital, it is my responsibility to ask that an administrator be
> called to advise me whether or not that physician is employed by the hospital.  I
> understand that I have the right to select my own physicians and the right to
> change physicians at any time during my hospitalization (including, but not
> limited to, my personal physician, physicians associated with Mount Sinai
> Community Foundation d/b/a Sinai Medical Group, emergency department
> physicians, radiologists, pathologists, anesthesiologists, on-call physicians,
> consulting physicians, surgeons, obstetricians, other specialists and any allied
> health care providers working with these physicians).  If the nature of the
> relationship between any physician and the hospital would affect my decision as
> to whether or not I will accept medical treatment, then I will ask that an
> administrator be called to inform me of the nature of the relationship between that
> physician and the hospital."
> *See* <u>Exhibit J</u>, Bates 221-222.

46.     Plaintiff Sparkles Wages filed negligence claims against three Defendants,

including Mount Sinai Hospital Medical Center of Chicago, and Sinai Health System.  *See*

Plaintiff's Complaint at Law, attached as <u>Exhibit K</u>.

47.     Mount Sinai Hospital Medical Center of Chicago has denied all allegations of

negligence against it and its employees and agents. *See* Mount Sinai Hospital Medical Center of Chicago's Answer to Plaintiff's Complaint, attached as <u>Exhibit L</u>.

48.     Mount Sinai Hospital Medical Center of Chicago has denied that Dr. Carlos Sandoval was an employee, agent, servant, shareholder or partner of Mount Sinai Hospital Medical Center of Chicago. *See* Mount Sinai Hospital Medical Center of Chicago's Answer No. 13 to Plaintiff's Interrogatories, attached as <u>Exhibit M</u>.

49.     Sinai Health System has denied all allegations of negligence against it and its employees and agents. *See* Sinai Health System's Answer to Plaintiff's Complaint, attached as <u>Exhibit N</u>.

50.     Sinai Health System has denied that Dr. Carlos Sandoval was an employee, agent, servant, shareholder or partner of Sinai Health System. *See* Sinai Health System's Answer No. 13 to Plaintiff's Interrogatories, attached as <u>Exhibit O</u>.

**The Parties, Jurisdiction and Venue**

51.     The Plaintiff Sparkles Wages brings a negligence action against the following defendants: The United States of America, Mount Sinai Hospital Medical Center of Chicago, and Sinai Health System.

52.     The United States of America substituted in as the proper defendant in place of Access Community Health Network and "deemed" federal employee Carlos Sandoval-Herrera, M.D. *See* <u>Exhibit P</u>.

53.     This Court has original jurisdiction over the claim against the United States of America pursuant to 28 U.S.C. § 1346(b).

54.     This Court is exercising supplemental jurisdiction over the claim against Mount

Sinai Hospital Medical Center of Chicago, and Sinai Health System pursuant to 28 U.S.C. § 1367(a).

      55.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (c) & (e), 1402(b).

Respectfully submitted,

HALL PRANGLE & SCHOONVELD, LLC

/s/  Sabina Babel
Sabina Babel
One of the attorneys for Defendants, MOUNT
SINAI HOSPITAL MEDICAL CENTER OF
CHICAGO and SINAI HEALTH SYSTEM

Marilee Clausing (mclausing@hpslaw.com)
Sabina Babel (sbabel@hpslaw.com)
HALL PRANGLE & SCHOONVELD, LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois  60606
Phone: (312) 345-9600
Fax: (312) 345-9608

4832-8300-6808, v.  1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I electronically filed **DEFENDANTS MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO AND SINAI HEALTH SYSTEM'S STATEMENT OF UNCONTESTED FACTS** referred to above with the Clerk of the Court using CM/ECF system which electronically provides notice to all of the attorneys of record in this case.

HALL, PRANGLE AND SCHOONVELD, LLP

By:      /s/ Sabina Babel
               One of the Attorneys for Defendants MOUNT SINAI
               HOSPITAL MEDICAL CENTER OF CHICAGO and
               SINAI HEALTH SYSTEM

Marilee Clausing
Sabina Babel
HALL, PRANGLE AND SCHOONVELD, LLP
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 345-9600
Facsimile: (312) 345-9608